I'll ask you, Mr. Clerk, to call the next case. 4-15-0564, Springfield Coal Company, LLC v. Workers' Compensation Comm'n Counsel, may I proceed? May it please the Court. Mr. Capone, good morning, everyone. I want to, my name is Ken Wirtz and I represent Springfield Coal. I want to first address the issue of jurisdiction, which I'm sure the Court wants to hear about. There is an issue. Perhaps more than the other issues. Just to refresh everyone and to get the dates in front of us in the event you don't have the dates in front of you right now. The decision and opinion on review in this case from the Commission was received on October 20, 2014. The written request filing letter of Mr. Bessort is dated November 5, 2014. The so-called drop-dead date, you can use that term, for perfecting appeal to the Circuit Court was November 10, 2014. The written request for issuance of the summons was received by the Clerk of the Circuit Court on November 12, 2014. It's the position of the appellant here that the Circuit Court lacks subject matter jurisdiction to hear this case due to the appellee's failure to invoke the mailbox rule. I completely agree that the mailbox rule applies. I think that Justice Stewart and Justice Holdridge sort of led the charge for that on this Court. And of course, the Supreme Court adopted it. And I think for all the reasons the Supreme Court elucidated, it was a good thing for our practice. In response to the argument by the appellant, the appellee argues that, well, there was substantial compliance here. By virtue, when you read the brief, I assume the filing letter. I don't know what else. For there to be substantial compliance, there has to be something that has substantial compliance. And while the appellee's brief doesn't come out and specifically bold-type say it, I believe it has to be the filing letter. I don't think the affidavit that was later filed by the clerk in their office suffices because it's clearly beyond the time for perfecting appeal to the Circuit Court. This is clearly an outgrowth of Gruseska. I believe it is. And here's the thing. I mean, the argument against mailbox rule that people tend to make is, well, then, how do you keep attorneys from just making it up later? And I'm not suggesting that anybody did. You mean just by filing? Well, they file it too late, and then they say it goes in too late, and they mailed it too late. But they say, I mailed it on time. Okay, how do you prevent that from happening? That's where Rule 12b-3 comes in. Right. I mean, this was predictable. Yes, it was. Because under Gruseska, what attorneys should do is file a 12b-3 certificate, send it in the mail with the filings. Then everybody knows. I agree. And I'm sure, Justice Stewart, you remember that in Gruseska, there was a certificate. Right, and that's the difference here. This was filed 50 days later, this affidavit. It was not filed contemporaneously with the document. And Justice Stewart may remember in CLE presentation, after this case came down, and Your Honor was kind enough to address the bar when we were in Fairview Heights. And I, at that time, asked you, because I think the case had just come down, did he file a certificate with that? And you said, oh, yes, he did. And so at that time, in being able to address the bar, I said, this is a new decision. This is good for us. This is friendly to the practice. But make sure you file your certificate of mailing on this, because as you know, and I'm going to use up my time here, I'm afraid. But as you know, we have attorneys that practice before the work comp commission who don't do simple work, who aren't familiar with the requirement. When you file a notice of appeal, file with it your affidavit of filing the notice of appeal. And I stress that. And every time I had an opportunity before the bar, never in my life, I knew this was going to happen to somebody. Never in my wildest dreams did I think it was going to happen in my case. To continue on, then, with what you were saying, Justice Stewart, when we looked to Rule 12 for guidance, which I think we have to do and which the Supreme Court did in other cases, and we looked in at the cover letter that was filed here, because I think that's what we're looking to here for substantial compliance. Rule 12 says that, first of all, a certificate of an attorney or affidavit of a person other than the attorney who deposited the document in the mail is required. And I am confident that the Supreme Court Rules Committee, when they drafted that rule, said certificate for a reason. They didn't say a document of an attorney or a letter of an attorney. They said a certificate. That implies that some affirmative act, I think, is attested to in that document, rather than just a private letter. Well, Mr. Weir, so on that topic, I mean, isn't there a case law, Secure Insurance Company, 232 Illinois 2nd and 216, that explains cover letter contains only a date, which at best indicates that it may have been mailed on that date. So really, a cover letter is not deemed to be sufficient proof of mailing under 12.3, right? I agree. I mean, the issue here is not whether Mr. Wasore actually mailed this on November 5th. I don't have any reason to believe he didn't. The question is, is that sufficient to confer jurisdiction? That is correct. That really is the issue on jurisdiction. Just to complete, maybe I don't need to, but the complete Rule 12 says that it has to state the time, place of mailing, the complete address, and that proper postage was paid. And when you look at the letter here, it's not a certificate. The place and time of mailing is not provided, as you pointed out in SECURA.  But most importantly, there's nothing that indicates the documents were in fact placed in the mail that day. I could, well, I don't have much more to add other than this. And I would quote from Bruesig 2 of the Supreme Court, and I agree with this, and I very much appreciate the Court doing this. And I think when I've had an opportunity to address you all, I've always said, keep in mind what we do out here and don't lose sight of what it takes to practice. And kind of the big picture, practical effect. And the Supreme Court actually did that in Bruesig where they said that having the mailbox rule apply at the first stage, the second stage, third stage, brings harmony and consistency to the work comp review process. And I believe that entirely. And as you'll recall from your practice, sometimes appeals in these cases can be a minefield for the work comp practitioner with the bond and, you know, et cetera. Having a uniform rule and a uniform procedure followed every step of the way I think is important. And I just wanted to touch on Norris. Justice Holdridge authored the opinion of which was a review to the commission, if you recall. And there was an argument there, well, it was not filed within the time frame required, which is 30 days arbitrated review of the commission. And in that case, that claimant who had filed the review, I don't even remember what party it was, actually did it by a third-party carrier and had a certificate from that third-party carrier showing that it was in fact mailed timely. And so there we make reference to the statute. The statute I think is 1.25. I don't think that needed to be done. Because, well, at that time, that's what the argument was being made. And so that's what our court addressed. Okay, does the statute of statutes here apply? That's when we first adopted the mailbox rule for reviews from the arbitrator to the commission. I don't think that's required to go that far. Because on our petition for review that we have to complete, that we mail to the commission to perfect the review, within it is a certificate of mailing that has all of the data elements that are required in Supreme Court Rule 12. So by filing that document, if I get one and it's signed appropriately by the attorney and filled out and it's done before that drop-dead date, I would never raise an issue of whether it was timely filed because the mailbox rule applies by mere virtue of that form that we filed. Now that apparently wasn't argued in that case, but I would have argued it. But my point is we require that certificate on that petition for review and appeal from the arbitrator to the commission. I believe it's required, or it should be, from the commission to the circuit court. And as we all know, it's required then from the circuit court to the appellate court. And that would satisfy what the Supreme Court said we should have as our goal, to bring harmony and consistency to the work comp review process at every stage. So the same rule is filed. That's all I have to say about jurisdiction. Does the court care to hear my... Mr. Ward? Yes. I'm concerned about the caption that you have on your brief. Where did the Michael Frederick State Treasurer ex-officio custodian of the rape fund become an appellee in this case? Okay, we'll cross it off and put the right caption. Now, you really have embarrassed me now. The State Treasurer... What have I done wrong there? No, I don't think he's an appellee. Oh, I see what you're saying. The appellee is Hoff. It would be Hoff, no? I'm embarrassed. All right, don't worry. We'll take it off. We'll take it off before we... I'm embarrassed by that. Okay. I apologize for that. If there are no other questions, and if you don't want me to address the other issues, I'll... Justice Stewart, congratulations on your retirement. This may be the last time I have the opportunity to be before you. Well, if you come to Chicago in October, I'll still be there, so... I don't think I will be, but I'm sure I'll still be somewhere. Thank you. You're welcome. Counsel, you may respond. I'm sure you're hearing Bruce Lesore's name up here whenever one of these claims are here. I'm Kirk Capone, one of Bruce Lesore's partners. I'm not going to dispute most of the factual things that Mr. Wertz said. I'm here, I guess, basically to have at me to a certain degree. What I would indicate, though, is that an evidentiary hearing was held on this issue on January 20, 2015, in front of Judge Graves. Judge Graves heard these issues. She allowed and took judicial notice of the affidavit that was filed at that time by our clerk, Amy Edwards, that she did mail it on November 5th. That affidavit was recognized and was put into the permanent record, and it is our argument then that we did comply. Now, the affidavit was filed 50 days after the written request for summons was allegedly mailed. Yes, after they filed the motion to quash, and that was our reply to that motion. So at that hearing then was when that was done. What I would like to indicate is that Rule 12 is also a part of the whole 19F1 system of the whole appeal. If you look at that in a whole, the whole thing was we were substantially compliant with the procedures. The summonses were issued. All the parties received the summonses. Argument was heard in this case. The only thing that was not done was the certificate. So my argument would be to a certain degree, in the whole sense of the process, we did substantially comply with the case. In Jones v. Indus, Sidon Smith v. State of Womack, it says the court recognized that substantial compliance with Rule 19F1 was sufficient to best the court with jurisdiction. The court noted that in the absence of a clear indication to the contrary of the legislature, it would not presume that the legislature would have intended the right to be lost on a narrow or technical ground. And I certainly understand Judge Stewart's concerns with this, and I understand to a certain degree the Pandora's box that this potentially has. But what I'd also like to point out is at that evidentiary hearing, Judge Graves, hearing the evidence, said that I am not going to allow someone's claim to not proceed because the clerk's office didn't do their job. In other words, that it was mailed on November 5th, that it was held at the clerk's office for an indisputed period of time, and then filed for whatever reason. So she took acknowledgment that it could have been that it was held up at the clerk's office and they didn't promptly file it even after it was mailed on November 5th. Also, I'd like to indicate that in Forest Preserve District of Hook County v. Indus, it was stated that the purpose of Section 19F1 is to ensure that the commission and parties in interest are notified of the appeal. There is not a case where a party omitted or an essential step in the appeal process, thereby divesting the circuit court of notice in the jurisdiction. We filed the notice of appeal. We sent for the summonses. They were issued. They were served. The whole process went along as should, except for the fact that there was no initial certificate in the file. And why wasn't there an initial certificate in the file? That's what 12b3 requires, right? Exactly. And why specifically it wasn't put in there, I don't have an answer to that question. We tried to clear that up with the affidavit to show that it was, but it was omitted. And so I know, I understand. Should we announce a rule that says that you can comply with 12b3 months later? I mean, what do we do with this? No, I understand there is no specific rule. What I'm trying to just argue is that in the whole scheme of the appeal, there was substantial compliance with the appellate process. Okay. Does anyone have any questions for me? Thank you. Thank you, counsel. Counsel, you may reply. Just briefly, I don't encourage the court to do this, but substantial compliance I suppose could come into effect with a certificate, mainly according to Rule 12, Supreme Court Rule 12. It's my position that there was no compliance here, not that there was, you know, it's an issue of substantial compliance. Where I was going to was let's say that somebody complies with Rule 12, Supreme Court Rule 12. But in that certificate, they put the name of the clerk from the adjoining county, but it goes to the right address, you know, to the right circuit clerk's office. You know, maybe we could get into the issues about was there substantial compliance here. Again, I don't encourage the court to do any of that because you don't need to do it. But I think that there possibly could be issues about substantial compliance with an appropriate certificate, if you will, that's filed. But this is a situation where there's no certificate. It's not an issue about substantial compliance. In regard to the comment about the clerk's office, that's what the affidavit is for. You don't have to say, well, maybe the clerk made a mistake or something like that. I can remember, Justice Woldridge, when I, many years ago, you and I were both at Husk and I was in Chicago for an oral argument. I can't remember the attorneys involved. And it had to do with a case where an argument was made in the circuit court, and the court made a docket, no, the court indicated that it would issue a rule on it. They didn't rule for the bachelorette. And the court ruled and asked the circuit clerk's office to send out the docket entry to the parties. And this poor attorney did not get it. The clerk did not do it. And I felt so horrible, bad for him. And actually, and I can't, of course, it goes back to McCullough. I can't remember who else was on the panel. I felt so horrible for that attorney because he finally went to the clerk's office and checked because he didn't ever receive an order. But he sees it in there and, of course, the time had run out. And as you were talking earlier today with Attorney Licton, I mean, the court pretty much said, you have a responsibility to track your cases. And I felt so bad for that guy because I'm quite certain he didn't get noticed. In fact, I think he got an affidavit in that case from the clerk's office that said, we forgot to send him the numbers. But he was stuck. So that's why we have the ruling. Any questions? Thank you, counsel, both for your arguments in this matter. If you'd take my advisement, written dispositions shall issue. The court will stand in recess until 1.30 this afternoon.